HARRIS, Judge,
dissenting.
I respectfully dissent.
The Rountrees, Carol (wife) and Carroll (husband), the insureds under a Progressive Insurance Company motorcycle policy, were involved in an accident in which Carol, while a passenger on the motorcycle being driven by her husband, was injured. Carol sued Carroll for damages arising out of the accident and recovered judgment. The issue in this case is whether Carol’s injuries are covered by the Progressive policy. The trial court granted summary judgment for Progressive and the Rountrees appeal. I would reverse.
The question on appeal is whether the trial court erred in finding that the policy does not insure the risk or, at the very least, whether the policy is so ambiguous on the issue that construction of the policy is required. Under the heading, “Liability Coverages,” Progressive agreed to “pay damages for which any covered person is legally liable, other than punitive damages, because of Bodily Injury and Property Damage arising out of the ownership, maintenance or use of your cycle. However, we will only pay for injury to a passenger on your cycle, if a premium has been paid by you for Guest Passenger Liability and is shown on the Declarations Page.” (Emphasis theirs.) The parties agree that the Roundtrees paid the extra premiums for the guest passenger liability coverage.
Therefore, the basic liability insurance commitment of the insurer is to cover all personal injury and property damage caused by a “covered person” except if such personal injury or property damage is caused to a passenger unless a separate arrangement is made for passenger protection. This basic liability insurance commitment, however, is further subject to an exclusion which precludes liability to covered persons.
“Covered person” is defined in the policy to include both Carroll and Carol. Unquestionably then, without the added guest protection coverage, Carol would not be protected while using the cycle as a passenger both because she would be an unprotected “passenger” and because she would be a “covered person.” So what is the effect of procuring and paying an additional premium for guest passenger protection?
One buying such protection might ask: “Who is a passenger?” The insurer answers through its policy that a passenger may be “any person other than the driver.” Does not this answer mean that even a covered person, so long as he or she is not the driver, may be a passenger within the contemplation of the added guest passenger protection provision? If the insurer intends to rely on its exclusion to its basic liability obligation even if one purchases its “premium” policy which includes protection against claims by “passengers,” should not the insurer be required to inform the purchaser of guest passenger protection that a “covered person” will not be considered a “passenger” within the contemplation of even this added protection?
If the insurer’s construction of the policy is accepted, an anomaly exists. The insured would have purchased additional insurance at a higher premium for no additional coverage. Since excluding “covered persons” *915 from such added protection would not only exclude Carol but also “[a]ny person using your cycle with your permission and within the scope of your permission” and since there is another separate exclusion that excludes “[a]ny person using your cycle without your permission to do so, or outside the scope of your permission,” who could possibly be covered by the added protection? Indeed the insurer’s position in this case seems analogous to larceny by fraud.
Perhaps the answer is that the insurer did not intend that a passenger’s use of the cycle would be considered as “using” the vehicle within the policy contemplation. But “use” or “using” is not defined by the policy and we are therefore constrained to use the commonly accepted definition of the word: “To make use of, to convert to one’s service, to avail one’s self of, to employ.” If a passenger employs a taxi to take him from point A to point B, it would generally be acknowledged that he “used” a taxi for transportation. The same would be true if his mode of travel were a cycle.
I agree with appellants that the definition of “passenger,” which specifically includes any person “other than the driver,” would necessarily include even those “covered persons” who were not the driver and would include the wife or husband if they were on the cycle but not the driver. At the very least, such conflict between the definitions of “covered person” and “passenger” creates sufficient ambiguity to require the court to construe these competing policy provisions.